MITCHELL v. WAITE.

(Supreme Court, Appellate Term.  March 9, 1900.)

MASTER AND SERVANT—ACTION FOR WAGES—DEFENSE—INSTRUCTIONS TO JURY.
   Where, in an action on a contract of employment, the only defense presented to the jury was as to defendant's right to discharge the plaintiff, defendant cannot complaint of the refusal of the court to charge that in no event could plaintiff recover more than the salary due him on "the day of the commencement of the action," there being no evidence to show when the action was commenced.

Appeal from city court of New York, general term.

Action by George W. Mitchell against James R. Waite for money due upon a contract of employment.  From a judgment for plaintiff, affirmed by the general term of the city court (61 N. Y. Supp. 1108), defendant appeals.  Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Bodine & Sampson, for appellant.

Willoughby B. Dobbs, for respondent.

PER CURIAM.  We can consider only questions of law on this appeal, and the only question of law presented is that raised by the exception of the defendant to the court's refusal to charge that in no event was the plaintiff entitled to recover under the complaint more than the salary due on the 3d of January, 1899,—"the day of the commencement of the action."  There is no evidence to show when the action was commenced.  The trial took place after plaintiff's term of employment had expired, and at the time of the trial he was entitled to recover, if the jury believed his evidence, the amount he did recover.  The statement of defendant's counsel that the action was begun on the 3d of January, 1899, was not evidence of that fact, and is not in accordance with the statement under rule 41; and in view of the fact that the only issue presented to the jury related to the defendant's right to discharge plaintiff, under a certain alleged custom, he should not be allowed to raise the point presented by the exception.  If that point had been presented on the trial, the pleadings could have been amended so as to conform to the proof.

Judgment affirmed, with costs.